JOHN ROSENBLUTH, an Infant, by CHARLES ROSENBLUTH, His Guardian ad Litem, and CHARLES ROSENBLUTH, Plaintiffs, *v.* THE CONCOURSE VAN COMPANY, INC., and JOSEPH DE FENO, Defendants.

Supreme Court, Bronx County, June 19, 1928.

**Motor vehicles — action for injuries suffered by infant plaintiff who was struck by motor truck which was being operated by unlicensed driver — motor truck which belonged to individual defendant was being used by corporation defendant — licensed operator abandoned truck — act of abandonment constituted negligence for which corporation defendant is liable — individual defendant not liable, under Highway Law, § 282-e.**

The infant plaintiff was injured by an automobile truck which was being operated at the time by an employee of the corporation defendant, who was not licensed

to operate the truck. It appears that the truck belonged to the individual defendant and was being used by the corporation defendant; that the chauffeur of the truck was instructed not to permit his helpers to operate the truck; that the chauffeur and two helpers became drunk and the chauffeur abandoned the truck, but thereafter one of the helpers operated the truck and was operating it when the accident occurred.

The abandonment of the truck by the chauffeur made possible the unauthorized driving of the truck by the helpers and the consequent injury caused by their careless driving, and that abandonment is the effective cause of the injury, and, therefore, the employer is liable.

The owner of the truck, however, is not liable, under section 282-e of the Highway Law, for the helper who operated the truck after it was abandoned was not operating it with the permission, express or implied, of the owner, within the meaning of the statute.

MOTIONS to dismiss complaint made at the conclusion of plaintiffs' case and at the end of the trial.

*Owen S. M. Tierney* and *Charles R. Small*, for the plaintiffs.

*Isidor Enselman*, for the defendants.

WALSH, J. The defendant De Feno owned an automobile truck, which with his consent was operated by defendant Concourse Van Company, of which De Feno was president. The latter company used the truck in connection with its moving business. On the morning of August 22, 1924, the truck, manned by three employees of the van company, left the place of the company in connection with its business. One of the employees was a licensed chauffeur, and it was his duty to drive the truck. The remaining two were helpers. Their duties were to carry furniture. They were not licensed operators, and had been instructed by their employer not to drive the truck. The chauffeur and the two helpers got drunk during the day, and some time prior to the accident hereafter described the chauffeur abandoned the truck, whereupon one or both of the helpers undertook to operate it. In doing so, the truck, through their negligence, collided with a Chevrolet automobile belonging to the plaintiff Charles Rosenbluth. His infant son, thirteen years of age, the plaintiff John Rosenbluth, was standing on the running board of the Chevrolet when the collision occurred and sustained severe injuries. At the conclusion of the plaintiffs' case and again at the end of the trial a motion was made to dismiss the complaint, upon which decision was reserved. It was conceded that the collision occurred through the negligence of the two helpers and that the plaintiffs were not guilty of contributory negligence. The question of damage was, therefore, the only one submitted to the jury, and they found, respectively, $15,000 for the son and $5,000 for the father.

The helpers were neither expressly nor impliedly authorized to

drive the truck; hence their operation of the same without the consent of their employer was not an act within the scope of their employment. (*O'Loughlin* v. *Mackey*, 182 App. Div. 637.)   The liability, therefore, cannot be predicated upon acts of the servant which were entirely outside of the scope of their employment and in contravention of their instructions, but liability may be imposed upon the master upon another ground.   To the chauffeur was delegated the operation of the truck.   The duty rested on him, with continuing obligation to "keep control and exclude incompetent meddling."   (Pollock Torts, [12th ed.] 82.)   If in violation of such duty he negligently did or omitted to do something as a consequence of which damage was inflicted upon another, the master is liable. The basis of the liability is the negligence of the servant, and, if such negligence exists and is found to be the effective cause of the injury, the employer is responsible.   Injury sustained by reason of the operator's abandonment of the car without leaving any one at the wheel would clearly be the effective cause of any injury caused thereby, and, where the operator permits another to run the car in his place and damage occurs through the negligence of such other, it has been held that, when such acts are done in the presence of the servant, his negligence, though fused with the negligence of the substitute, is the effective cause of the injury for which the employer is liable.   (*Grant* v. *Knepper*, 245 N. Y. 158.)   It would also seem that, where, as here, the operation of a truck is intrusted to a chauffeur, with instructions that he alone is to drive it, and there are with him on the truck two helpers who are not licensed operators and who had been instructed not to drive, of which fact it is proper to infer the chauffeur had knowledge, and he thereafter abandons the truck, leaving the same in charge of said helpers, such abandonment makes possible the unauthorized driving of the truck by the helpers and the consequent injury caused by their careless driving, and is the effective cause thereof. The duty of the servant was to prevent another from driving, or, if he allowed another to drive, to see that he drove properly. (*Ricketts* v. *Tilling* [1915], 1 K. B. 644.)   This case approved and followed the rule of the English Court of Appeals in *Engelhart* v. *Farrant* ( [1897], 1 Q. B. 240).   The Court of Appeals in *Grant* v. *Knepper* (*supra*), cites these cases with approval, stating: "Two cases in the English Court of Appeal state the applicable principle with clearness and precision.   In one (*Engelhart* v. *Farrant & Co.* [1897], 1 Q. B. 240) a delivery wagon was sent out with a man and a boy.   The man's duty was to drive; the boy's duty was to deliver parcels.   The boy had nothing to do with the horses.   The man's instructions were not to leave the cart.   The driver did in

fact leave the cart, and while he was absent the lad drove on and came into collision with the plaintiff's carriage and injured it. The court held that the negligence of the driver in leaving the cart in the custody of the boy might be found to be the effective cause of the collision and the damage. ' If a stranger interferes,' said Lord Esher, M. R., ' it does not follow that the defendant is liable; but equally it does not follow that because a stranger interferes the defendant is not liable if the negligence of a servant of his is an effective cause of the accident.' In the other and later case, this ruling was approved and followed (*Ricketts* v. *Tilling* [1915], 1 K. B. 644)."

Following these authorities, I find that the original negligence of the servant in abandoning the truck was the effective cause of the subsequent damage and that his employer, the defendant Concourse Van Company, is liable therefor.

The further question presents itself as to whether or not De Feno, the owner of the truck, is also liable. Under the common law he would not be responsible, nor do I believe that the owner's liability, as extended by section 282-e of the Highway Law,* is such as renders him here liable. Under this statute " Every owner of a motor vehicle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

De Feno authorized the Concourse Van Company to use the truck. Had the truck, while being operated by the chauffeur of the van company, caused the injury here complained of, De Feno doubtlessly would be liable under the statute, but, when the chauffeur abandoned the car and the nonlicensed helpers, or either of them, contrary to the express instructions of their employer, took unto themselves the operation thereof, they were not legally using or operating the same with the permission, express or implied, of the owner within the meaning of the statute. Hence their negligence was not attributable to him.

The verdict, therefore, is permitted to stand as to the defendant Concourse Van Company, but set aside as to the defendant De Feno.

---

* Added by Laws of 1924, chap. 534, as amd. by Laws of 1925, chap. 167, and Laws of 1926, chap. 730; and since amd. by Laws of 1928, chap. 508.— [Rep.