**RAMIREZ v. MILTON PROVISION CO.**

No. 12097.

Court of Civil Appeals of Texas.
San Antonio.
June 7, 1950.

Spann & Spann, San Antonio, for appellant.

Birkhead, Beckmann, Stanard, Vance & Wood, San Antonio, for appellee.

NORVELL, Justice.

This case was tried to the court without a jury. There appears in the transcript an opinion written by the trial judge giving his reasons for holding against the appellant. No request for findings of fact or conclusions of law was made, and we do not construe the opinion referred to as constituting findings and conclusions under Rule 296, Texas Rules of Civil Procedure. Although we have found the opinion helpful in giving the trial judge's view of the controversy, we are governed by the well recognized rule that in the absence of findings of fact and conclusions of law the appellate court will presume that all fact issues having support in the evidence were found in support of the judgment.

The appellant attacks the testimony of appellee's witness Fernando Reyes. It is asserted that he was impeached and that his version of the occurrences which gave rise to this lawsuit is against the overwhelming preponderance of the evidence. In keeping with the rule that the trial judge or the jury, if one be impaneled, is the judge of the credibility of witnesses, we must give full credence to the Reyes' testimony. While an issue as to his credibility may have been raised, it can not be said that his version of the events of the night of April 20, 1948, is so against the overwhelming preponderance as to authorize this Court to disregard the implied finding of the trial court and order a new trial.

According to Reyes, he, as an employee of the appellee, Milton Provision Company, was instructed to take a truck belonging to the company and transport a number of his fellow workmen to their homes. He left the plant about 8 o'clock in the evening and took all but one of the workmen home. The one remaining with him was Cypriano Rodriguez, who insisted upon stopping at a place where beer was sold, to cash a check. Rodriguez drank some beer and it took Reyes about an hour to get him out of the place. Rodriguez then wanted to go to his sister's home. When Reyes stopped there Rodriguez, over his protest, took the keys out of the car and ran into the house with them. Reyes waited about an hour and a half for Rodriguez to return with the keys, and honked the horn on the truck at intervals in attempts to get Rodriguez to come out with the keys. However, sometime about midnight, Reyes gave up and walked about four blocks to his home. He intended to return in the morning and get the truck. He knew that Rodriguez did not know how to drive the truck and thought that it would be safe in its then location until morning.

It is undisputed that sometime after Reyes left, about three o'clock in the morning Rodriguez returned to the truck, drove it off and eventually collided with appellant's automobile which was parked outside his house.

Appellant contends that Milton Provision Company was liable because its servant, Fernando Reyes, was negligent in leaving the truck in front of the house of Rodriguez' sister, and that such negligence was the proximate cause of the damage to appellant's automobile.

Appellant relies upon the case of Rosenbluth v. Concourse Van Co., Inc., 132 Misc. 647, 229 N.Y.S. 609, 611. The facts there were somewhat similar to those disclosed by the present record. A licensed chauffeur having control of his employer's truck got drunk and left the truck in the control of his two helpers who were also intoxicated. Neither of the helpers was authorized to drive the truck, but one of them attempted to do so and collided with plaintiff's automobile. The opinion cited is one by a trial judge of the New York Supreme Court and not by a justice of the Appellate Division. As a trial judge he was fully authorized to determine issues of negligence and proximate cause as original propositions. It seems that all issues other than the one relating to damages (which was submitted to a jury) were either agreed upon or left to the determination of the court. The court concluded and stated in its opinion, that: "To the chauffeur was delegated the operation of the truck. The duty rested on him, with continuing obligation to 'keep control and exclude incompetent meddling.' Pollock on Torts, p.

87. If in violation of such duty he negligently did or omitted to do something as a consequence of which damage was inflicted upon another, the master is liable. *The basis of the liability is the negligence of the servant,* and, if such negligence exists and is found to be the effective cause of the injury, the employer is responsible." (Italics ours.)

In the present case we must presume that the trial judge found that Reyes was not negligent in leaving his employer's truck under the circumstances outlined above. We must also presume that the court found that Reyes could not reasonably foresee that an injury such as that which occurred or one similar thereto would result from his leaving the truck. In other words, the evidence in the case does not establish the elements of negligence and proximate cause as a matter of law. In view of this holding, it is not necessary to decide whether or not the rule stated in the New York opinion should be followed in a proper case.

For the reasons stated, the judgment of the trial court is affirmed.