## KINNEY et al. v. SHUGART et al.

### No. 2827.

Court of Civil Appeals of Texas. Eastland.
Nov. 3, 1950.

Rehearing Denied Dec. 1, 1950.

Callaway, Wade & Davis, Fort Worth, for appellant.

Turner & Seaberry, Eastland, and Mark Callaway, Comanche, for appellee.

LONG, Justice.

Appellants and appellees each own an undivided interest in 40 acres of land situated in Comanche County. By instruments dated May 22, 1948, they each, together with others not parties to this suit, executed an oil and gas lease embodied in more than one instrument to Harley Sadler, as lessee, covering said land and retaining therein an undivided ⅛th royalty. After the delivery of said lease contract, Sadler executed and delivered to appellees, Zona

Lee Shugart and her husband, L. A. Shugart, an assignment of a ⅟₁₆th overriding royalty out of the ⅞ths leasehold interest owned by him. Appellants instituted this suit seeking to recover an undivided interest in and to the ⅟₁₆th overriding royalty conveyed to appellees by Sadler.

Appellants alleged that the assignment of the ⅟₁₆th overriding royalty to the Shugarts was a part of the consideration for the execution of the lease and was made pursuant to an agreement secretly made between Sadler and the Shugarts. Upon a trial to the court, judgment was rendered that appellants take nothing and the cloud upon the title of appellees be removed. Plaintiffs have appealed.

Appellants base their appeal upon two points, (a) the court erred in holding that appellants, in order to recover their proportionate share of the ⅟₁₆th overriding royalty interest, had the burden of showing actual fraud or dishonest motives; (b) that appellee, Zona Lee Shugart, was a tenant in common with appellants and that she and her husband acted for themselves and the other tenants in making the lease and that they secretly received the ⅟₁₆th overriding royalty sued for, as a part of the consideration therefor, and, as a matter of law, it belongs to all of the tenants in common and is held in trust by the Shugarts for them in accordance with their respective interests.

It is conclusively established that appellants and Zona Lee Shugart jointly owned the land in question and were tenants in common in the ownership thereof. It is also undisputed that Zona Lee Shugart and her husband undertook to, and did, act for all of the co-tenants in negotiating the lease with Mr. Sadler. It is further conclusively established that the ⅟₁₆th overriding royalty involved was assigned to the Shugarts without any knowledge thereof on the part of the appellants or any of the other co-tenants.

■ Appellants made no request for findings of fact and conclusions of law and none are shown in the record. We have no authority to consider the oral statement made by the trial court at the time judgment was rendered. Ramirez v. Milton Provision Co., Tex.Civ.App., 231 S.W. 2d 547.

■ Appellants base their case upon allegation that the Shugarts and Mr. Sadler entered into a secret agreement prior to the time of the execution of the lease that Sadler would convey to the Shugarts an undivided ⅟₁₆th overriding royalty as a part of the consideration for the lease. We have carefully considered the evidence and it is our opinion that it does not compel this conclusion. Mr. Sadler and the Shugarts testified that they had no such agreement. They each, together with Miss Van Winkle, the notary who took Sadler's acknowledgment to the assignment, testified that the instrument conveying the ⅟₁₆th overriding royalty was executed and delivered after delivery of the lease. Sadler testified that valuable services were rendered by appellees to him after the execution and delivery of the lease in making preparations for drilling of a well on the lease and during the time the well was being drilled. The evidence amply supports the implied finding of the trial court that there was no secret agreement between the Shugarts and Sadler that the Shugarts were to receive an assignment to a ⅟₁₆th overriding royalty as a part of the consideration for the lease. The ⅟₁₆th overriding royalty was conveyed by Sadler to the Shugarts out of his ⅞ths working interest in the lease and did not in any way affect the ⅛th royalty interest reserved by appellants.

■ We agree with appellants' contention that a trustee or a person clothed with a fiduciary character shall not be permitted to use his position so as to obtain for himself any advantage or profit inconsistent to his duty to his beneficiary but the evidence is sufficient to sustain the implied finding of the trial court that the Shugarts did not breach any duty that they might have owed to appellants.

We believe the position of appellants is not well taken and that their points should be, and they are, overruled.

The judgment is affirmed.