**William H. WILLIS, Appellant,**

v.

**Marion C. WILLIS, Appellee.**

**No. 15256.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

March 7, 1968.

Bill Hilford, Houston, for appellant.

Sue Walker, Houston, for appellee.

PEDEN, Justice.

This is an appeal by William H. Willis from an order increasing the amount of the child support payments which he had

been ordered to make when the parties were divorced by decree signed on January 9, 1965. One of their five children reached the age of 18 in August, 1966, so the amount of $340.00 per month as ordered in the divorce decree had diminished by one-fifth, to $272.00 per month.

After a hearing on appellee's motion, the trial court on August 31, 1967 signed an order increasing the monthly payments for the four children still under 18 to $340.00 per month until the third youngest child reaches the age of 18, and thereafter to $250.00 per month until the youngest child is 18 years old.

The question before us is whether the trial court abused its discretion in increasing the support payments. Appellant contends there was no evidence of a material change of conditions; in the alternative, he asserts that the order was against the great weight of the evidence.

█ We will consider the evidence in the light most favorable to support the ruling of the trial court. 4 Tex.Jur.2d § 747, Appeal and Error—Civil. We find that there is sufficient evidence of the increase in the children's expense to show a material change of conditions which would justify the increase in support payments. We refer in particular to the need to send one daughter to a boarding school and to the expense involved in having sent her there for two months.

Appellant contends that it is also necessary for appellee to show that appellant's income has increased since the amount of the payments was fixed at the time of the divorce.

█ The varying financial circumstances of the responsible parent and his ability to pay are to be considered in determining the amount of child support to be ordered by the court, under Article 4639a, Vernon's Annotated Civil Statutes, as well as the needs and requirements of the children and their surroundings and circumstances. Angel v. Todd, 368 S.W. 2d 224 (Tex.Civ.App., 1963, no writ hist.), and cases cited.

█ Appellee has failed to demonstrate that appellant's current income is greater than it was when the amount of the child support was last fixed, so we will assume it remains unchanged. Martinez v. Gutierrez, 66 S.W.2d 678 (Tex.Com.App., 1933).

█ The trial judge is properly given broad discretion in fixing the amount of child support payments. He may restrict the amount because of the children's limited need or the parent's limited ability to pay. Later, if a change of condition be shown, such as an increase in the children's needs, it will be within his discretion to order an increase in support payments whether the parent's ability to pay has increased or not, unless the amount previously ordered paid represented the upper limit of the parent's ability to pay.

In the case before us the appellant has offered no evidence as to a decrease in his income or an increase in his expenses. The order appealed from returns the amount of support to $340.00 per month, which the trial judge in the divorce had determined appellant was able to pay. Appellant is now paying support to one less child, but the needs of the others have increased.

We hold that the order increasing the amount of the child support payments was not an abuse of discretion and that there was sufficient evidence to support the order. We overrule appellant's points of error.

The judgment of the Trial Court is affirmed.