**Glenn Perry TONGATE, Sr., Appellant,**

v.

**TEXAS REAL ESTATE COMMISSION,**
**Appellee.**

**No. 17076.**

Court of Civil Appeals of Texas,
Fort Worth.

Jan. 30, 1970.

James G. Clement, Irving, for appellant.

Crawford C. Martin, Atty. Gen., of Texas, and James C. McCoy, Asst. Atty. Gen., Austin, for appellee.

## OPINION

MASSEY, Chief Justice.

The Texas Real Estate Commission revoked the Real Estate Broker's License of Glenn Perry Tongate, Sr., and he appealed to the District Court, which upheld the Commission Order. See provisions of Sections under Vernon's Ann.Tex.Civ.St. Title 113A, "Real Estate Dealers", the Texas Real Estate License Act. Appeal has been taken from the District Court's judgment.

One point of error complains because the trial court did not consider the transcript of the proceedings had before the Real Estate Commission.

■ We have examined the statement of facts. We cannot find where there was any tender of such transcript, or any portion thereof, by Mr. Tongate. There would, of course, be no requirement that the attorney for the Commission tender such. If it was offered in evidence by Mr. Tongate we are unable to find it, but even so we are positive that there is a total absence from the record of any Bill of Exceptions showing the contents of the transcript. Under such circumstance any error would be waived.

■ However, and in any event, the evidence heard by the agency is not per se ad-missible upon the trial in the district court. Whether it is admissible upon trial must depend upon its own merits under the general rules of evidence, and without regard to whether it had theretofore been introduced before the Commission. Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022, 1030 (1942), and cases cited; 32 Texas Law Review, pp. 639, 651, 652, the article by A. W. Walker, Jr., "The Application of the Substantial Evidence Rule in Appeals From Orders of the Railroad Commission."

■■ Of course the rights of the parties are to be fully protected in the trial court and they should be given full opportunity to show that at the time the order was entered there did, or did not, then exist sufficient facts to justify the entry of the same in the determination of whether it has been clearly made to appear that the administrative findings were *not* justified (whether actually comprising part of the evidence produced upon the administrative hearing or not). That is the ultimate question to be decided by the trial court. Cook Drilling Co. v. Gulf Oil Corporation, 139 Tex. 80, 161 S.W.2d 1035 (1942). The requirement was satisfied in the present instance.

■ It is also contended that error exists because the trial judge made fact findings which it used as the basis for its ruling upholding the administrative order. By reference to the discussion in the brief we observe that what the complainant refers to is the letter written to the parties' attorneys before entry of judgment stating the decision reached and judgment to be prepared and entered, and giving the court's conclusions upon fact and law. Such letter was not made a part of the transcript, but was attached as an Appendix to complainant's brief.

The instrument and its contents are not to be considered for any purpose with respect to the decision of this court either in affirmance or reversal of the judgment

rendered. Ramirez v. Milton Provision Co., 231 S.W.2d 547 (San Antonio Tex. Civ.App., 1950, no writ hist.). The only findings of fact which could be material upon the appeal are such as provision is made therefor in T.R.C.P. 296, "Conclusions of Fact and Law". There are none. We consider the purported "findings" of which complaint is made a nullity. If that were not the case they would be upheld in every respect.

Judgment is affirmed.

BREWSTER, J., not participating.