George T. REYNOLDS, III, Appellant,

v.

Peggy W. REYNOLDS, Appellee.

No. 17424.

Court of Civil Appeals of Texas, Dallas.

April 3, 1970.

Joe F. Canterbury, Jr., Smith, Smith, Dunlap & Canterbury, Dallas, for appellant.

Edwin L. Davis, Shaw, Davis & Davey, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal from an order increasing the monthly child support payments of appellant George T. Reynolds, III.

When appellant and appellee were divorced in 1965 appellant was ordered to pay $200 per month as child support for two children. By the court's subsequent order the payments were increased to $400 per month commencing June 1, 1969, payable $200 on the 1st and 15th day of each month

until October 1, 1969. Thereafter, subject to the further orders of the court, appellant was directed to pay $300 per month, payable $150 on the 1st and 15th of each month.

Since the granting of the divorce appellant has remarried. By his second marriage he has two children. He is now undertaking to maintain and he does maintain a home for his present wife and their two children. This home is subject to a mortgage on which he makes monthly payments of $156.

Appellant has kept up his payments of $200 per month to appellee Peggy Reynolds for the support of their two children. He also has paid the premium of $13.66 per month on a hospitalization policy which includes coverage of the two children. He is sales manager for Middleton, Inc., an outdoor sign company. As such sales manager he has the use of an automobile and has his membership paid in a country club. His gross earnings from his employer are $1,250 per month. His take home pay on the 1st and 15th of each month is $474 and some odd cents—approximately $950 per month.

 Appellant owns securities which he values at $14,350 but he is indebted to the Mercantile National Bank in the amount of $9,700, of which $9,200 was for part of the purchase price of the securities. Heretofore appellant has received Christmas bonuses from his employer. In 1967 and 1968 the bonuses were for $3,500. However appellant testified that he had been

informed that no bonuses will henceforth be paid by his employer. Middleton, Inc. has recently been taken over by another company and the new policy in regard to bonuses has been announced.*

Appellant testified in detail with reference to his necessary expenditures. Without listing these expenditures we shall simply say that, if correct, they show that he is running a net deficit of $172.22 per month. Admittedly appellant's earnings have increased since 1965. But he insists that his increased earnings are not enough to enable him to break even under present circumstances, let alone under the greater burden of the increased child support payments ordered by the court.

Appellee Peggy Reynolds has· not fared badly financially since the divorce. She is a teacher in the Highland Park Independent School District. As such her take home pay has been $411.20 per month. She testified that on September 1, 1969 she would receive a raise in pay of $600 per year. This together with the $200 per month child support she has been receiving from appellant would make about $661 per month.

At the time of the trial appellee was being paid $511 take home pay through a Fellowship program to enable her to do work toward a Masters Degree in Education. However this payment would cease when the school year begins in the fall of 1969.

In addition appellee has income from other sources. She owns AT&T stock,

---

* Appellant's testimony in regard to the bonus, though uncontradicted, comes from an interested witness, therefore raises only a fact question which the court could find adversely to appellant. Brogdon v. Brogdon, 392 S.W.2d 385 (Tex.Civ.App., Fort Worth 1965, writ ref'd n. r. e.).

To his Second Amended Motion for New Trial appellant attaches an affidavit by the comptroller of Middleton, Inc. stating, " * * * no bonus is projected to be paid to George T. Reynolds, III, through the period December 31, 1969, which is a departure from his compensation in 1968 and will result in lesser earnings for 1969 for him."

We cannot consider the affidavit because (1) Rule 329b(2), Vernon's Texas Rules of Civil Procedure, states, "Not more than one amended motion for new trial may be filed" and it has been held that the rule is mandatory. Hartford Accident & Indemnity Co. v. Gladney, 335 S.W.2d 792, 794–795 (Tex.Civ.App., Waco 1960, writ ref'd n. r. e.) ; and (2) the affidavit is not evidence of probative value in this trial. City of San Antonio v. Anderson, 343 S.W.2d 950 (Tex.Civ. App., Eastland 1961, no writ) ; McCormick & Ray, "Texas Law of Evidence," Vol. 1, p. 570.

which she owned before her marriage, and on which she receives dividends. She receives interest on $10,000 which her father loans her without charging her interest. She also has $10,000 invested in bonds paying her interest. This $10,000 was made up of the $6,000 she received in the divorce settlement plus payments into a savings account which she has been able to make, sometimes as much as $400 per month. She has other bank accounts in lesser amounts.

However appellee testified to certain needs which will make inroads on her financial accumulations. She needs a new washer and dryer at a cost of $400 in order to wash and dry the children's clothes. Two of four air conditioners are not in working order and should be replaced or central air conditioning provided. The oven in her cook stove is not working, and a new stove is badly needed. Her house, on which she makes monthly payments of $140.50, needs painting at an estimated cost of $700 and general repairs. The oldest child, a boy, should go to summer camp. He also plans to play football at the elementary school next year and equipment will have to be purchased. Also he has a reading problem and needs special training. Braces are needed for his teeth, which will cost about $1,000. She pays $215 per month for live-in help which is provided for the children while appellee is away from home teaching school during the daytime.

## OPINION

In his first, second and fourth points of error appellant charges that the trial court abused its discretion in ordering an increase of child support payments in that (1) the order is in overwhelming conflict with, and is not supported by, the evidence of appellant's financial ability to pay the increase; (2) the order is in overwhelming conflict with appellee's financial ability to contribute to the support of the children; and (4) appellee failed to show a change of circumstances sufficient to warrant the increase of child support payments.

A trial court is given a broad discretion in fixing child support payments, and in decreasing or increasing such payments, and the court's order will not be disturbed on appeal except on a showing of a clear abuse of discretion. Willis v. Willis, 425 S.W.2d 696 (Tex.Civ.App., Houston 1968, no writ); Brogdon v. Brogdon, 392 S.W.2d 385 (Tex.Civ.App., Fort Worth 1965, writ ref'd n. r. e.). Furthermore, no findings of fact or conclusions of law were filed in this case; therefore we must presume that all fact issues having support in the evidence were found in support of the judgment. Renfro Drug Co. et al v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1951). And this is true though we might have made different findings had we been sitting as the trier of the facts in this case. Lamb v. Ed Maher, Inc., 368 S.W.2d 255, 258 (Tex. Civ.App., Dallas 1963, no writ).

Appellant's first, second and fourth points are overruled.

In his third point on appeal appellant asserts that the trial court abused its discretion in basing the increased support order on the expressed assumption that appellant's obligation to support his second wife and their children is totally secondary to his duty to support the children of his first marriage.

Appellant's third point is directed at the court's remarks in answer to the argument that appellant has two children by his present marriage and that he is obligated to support them too. The court replied, "Those obligations, Counsel, are secondary to the first obligation to support the children."

The court further said, "I don't think I need to tell you that when you took on a second wife and children by that wife, and nobody denies you that right, but nonetheless it is a secondary obligation to the obligation to these children."

If the court meant that appellant's duty to contribute to the support of his children by his second marriage is inferior

to his duty to contribute to the support of his children by his first marriage, we disagree. We have not been cited to any authority so holding and we know of none. We think it is an erroneous legal conclusion. The law does not require that the interests of the children of the second marriage shall be sacrificed to the interests of the children of the first marriage.

The correct rule has been stated by our Supreme Court: "In determining the duty of the husband to supply necessaries to his children, before or after divorce, it is to be borne in mind that *his duty corresponds to his financial ability, having due regard to all his lawful obligations, which may include those assumed to another wife and to other children,* and in no event is he liable for food, clothing, attention, or education other than such as is suitable to his and their circumstances in life." (Emphasis ours.) Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 100 (1921).

Nevertheless we cannot sustain appellant's third point. The court's remarks were made orally prior to the rendition of judgment. Findings of fact and conclusions of law were not filed and were not requested. There is nothing in the decree signed by the court to indicate that the court's judgment was based on his erroneous remark.

Our Supreme Court has in effect laid down the law in this particular by its outright refusal of a writ of error in Kinney v. Shugart, 234 S.W.2d 451 (Tex.Civ.App., Eastland 1950, writ refused.) In the Kinney case the Court of Civil Appeals said: "Appellants made no request for findings of fact and conclusions of law and none are shown in the record. We have no authority to consider the oral statement made by the trial court at the time judgment was rendered." See also Murray v. Murray, 350 S.W.2d 593, 597 (Tex.Civ.App., Dallas 1961, no writ); Ramirez v. Milton Provision Co., 231 S.W.2d 547 (Tex. Civ.App., San Antonio 1950, no writ); and Long v. Smith, 162 S.W. 25 (Tex.Civ.App.,

Amarillo 1914, no writ). We overrule appellant's third point.

The judgment of the trial court is affirmed.