**James R. HEWLETT, Appellant,**

**v.**

**Patricia M. HEWLETT, Appellee.**

**No. 5196.**

Court of Civil Appeals of Texas, Waco.

Oct. 12, 1972.

Rehearing Denied Nov. 9, 1972.

Ruth Rayner, Dallas, for appellant.

Geary, Brice, Barron & Stahl, Williams C. Koons, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from an order increasing the monthly child support payments of appellant James R. Hewlett from $60. per month to $225. per month.

Appellant and appellee were divorced in 1958, and appellant was ordered to pay $60. per month as child support for his minor daughter. In January 1972 appellee moved to increase such support, alleging substantial and material change of conditions. After hearing, the trial court ordered appellant to pay $225. per month as child support.

Appellant appeals on 5 points contending among other things:

1) The trial court erred in not requiring appellee to meet her burden of proof.

2) The trial court erred in setting the child support payment at a figure that would allow the child a standard of living beyond the standard of living of appellant and his family.

At the time of the divorce in 1958 appellant was making $500. per month. After the divorce for several years appellant made $21,000 per year. In 1964 he purchased a 232 acre farm; and has an additional house in town where he lives part time. Appellant has an interest in two insurance agencies, as well as other assets. Appellant's net profit in 1969 was $15,283.; for 1970 was $13,399.; and through September 1971 was $15,000. Appellant has not remarried.

After the 1958 divorce appellee remarried and had an additional child. The subsequent marriage terminated in divorce in 1971. Appellee receives $700. in payments from the subsequent marriage. Her monthly expenses for herself and the two children (including appellant's daughter) are $2067. Appellee owns her home and has other assets.

The trial court is given a broad discretion in fixing child support payments, and in decreasing or increasing such payments, and the court's order will not be disturbed on appeal except on a showing of a clear abuse of discretion. Reynolds v. Reynolds, Tex.Civ.App., NWH, 452 S.W. 2d 950; Willis v. Willis, Tex.Civ.App., NWH, 425 S.W.2d 696; Brogdon v. Brogdon, Tex.Civ.App., NRE, 392 S.W.2d 385. Furthermore no findings of fact or conclusions of law were filed in this case; therefore we must presume that all fact issues having support in the evidence were found in support of the judgment. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W. 2d 609. And this is true though we might have made different findings had we been sitting as the trier of facts in this case. Lamb v. Ed Maher, Inc., Tex.Civ.App., NWH, 368 S.W.2d 255.

We think the trial court's order was not an abuse of discretion, and that there is sufficient evidence to support the order.

All of appellant's points have been considered; none present reversible error; and they are overruled.

Affirmed.