**TEJAS TRAIL PROPERTY OWNERS ASSOCIATION, Appellant,**

v.

**James S. HOLT, Appellee.**

**No. 17558.**

Court of Civil Appeals of Texas, Fort Worth.

Nov. 22, 1974.

Curby Ligon, Fort Worth, for appellant.

King & Massey, Inc., and Marion L. Massey, Fort Worth, for appellee.

OPINION

BREWSTER, Justice.

The Tejas Trail Property Owners Association, plaintiff, sued James S. Holt, defendant, seeking both a temporary and a permanent injunction enjoining Holt from constructing a roof on his house in violation of restrictive covenants that were alleged to be applicable to Holt's lot. Plain-

tiff also sought a mandatory injunction ordering the roof that had been installed on defendant's house before the suit was filed to be removed therefrom on the grounds that it violated applicable restrictions. Plaintiff also prayed that defendant be enjoined from occupying the house as long as the restriction was violated. A non jury trial was held and judgment was rendered in favor of defendant, Holt.

The order appealed from recited that a hearing on both the temporary and permanent injunctions was set for and began on March 7, 1974, and that all parties announced ready. The court therein decreed that the plaintiff be denied both the temporary and permanent injunctive relief that he sought.

We affirm.

The Tejas Trail Property Owners Association is an association composed of owners of property in the Tejas Sub-development in Northwest Forth Worth. One of the purposes of the Association was to enforce restrictions and protect land values. The defendant Holt was a member of the Association and owned a lot in the Tejas Trail Addition. On that lot Holt was constructing the house that had the questionable roof that is involved here.

Defendant's trial answer contained a general denial; a plea that the roof that he installed was in compliance with the restrictions applicable to his lot; a plea that plaintiffs had waived their right to enforce the restriction by permitting other violations thereof; and a plea that the plaintiff could not enforce the restriction because it had been guilty of laches.

The following facts were undisputed: the Stubbs Realty Corporation had owned the land which is now Tejas Trail Addition and had sold two tracts out of it at the time Mr. Victor E. Hall purchased the remaining land in the addition; Hall has since that time sold off the rest of the addition to various buyers; in all but one of the deeds that he executed conveying away the land in the addition, Hall placed in the body of the deed the following restriction: "3. All residential buildings shall have wood shingle roofing or better, but no composition roofing will be allowed." At the time the defendant Holt purchased his lot he had decided to build a house on that lot having a GAF Corporation "Timberline" shingle roof having a weatherwood shingle color; this type roof is actually a high quality composition shingle roof; before buying his lot from Hall he advised Hall of the type roof he wanted and showed him a sample of that type roof; Hall had no objection to Holt using that type roof; Hall then sold Holt the lot and instead of the restriction above set out he placed in Holt's deed the following restriction: "3. All residential buildings shall have wood shingle roofing or better, but NO COMPOSITION ROOFING will be allowed. Said roofing that will be constructed on the home built on the herein described property will be by GAF CORPORATION, 'Timberline,' of the 'weatherwood shingle color.'" Holt then built his house which had on it the type roof described in the restriction contained in his deed; this deed to Holt contained the only variance in the addition permitting a roof to be built of composition roofing.

In plaintiff's second point of error it contends that the trial court erred in finding that the roof in question was installed by December 6, 1973 and that plaintiff was guilty of laches for delay in taking action on the matter.

We overrule this point.

■ We hold that the evidence in the case was sufficient to uphold the trial court's implied finding that plaintiff was guilty of laches. Laches was an independent defense pleaded and relied on by defendant. The contractor that installed defendant's roof testified that the roof installation began on December 3, 1973, and that it was completed on December 6, 1973. This was sufficient evidence to justify the

trial court's finding that the roof was completed by December 6, 1973. The evidence further showed that some of the officers and members of plaintiff association were advised in November, 1973 of the type of roof that Holt was planning to install on his house. There was also evidence to the effect that none of them voiced any objection to Holt about his contemplated action of installing the roof in question until the evening of December 6, 1973. He was notified at an association meeting held on the evening of December 6, 1973, that some members thereof objected to the type of roof he had installed on the house. According to some of the testimony these objections were thus conveyed to Holt for the first time after he had completed installing the roof, although members of the association knew before installation that he planned to install it. The roof cost in excess of $3,000.00. There was evidence that Holt was advised on the evening of December 6, 1973 for the first time that the association objected to his roof and would take legal action against him about it. This suit was later filed on January 7, 1974.

We hold that there was evidence in the case sufficient to uphold the court's finding that defendant was guilty of laches.

In plaintiff's first point of error it contends that the trial court erred in finding that no general plan or scheme existed in the Tejas Trails Sub-development area that would require compliance by Holt with the deed restriction in question.

We overrule this point.

One reason we are required to overrule this point is because the record in the case is not made to show by any legal means that we can consider that the trial court did make any such finding of fact as the one complained of in plaintiff's first point of error.

It was not necessary that the trial court make the finding complained of in order to reach the conclusion that it did reach in rendering the judgment appealed from. This is true because even if a general plan or scheme did in fact exist in the subdivision involved that would ordinarily required that Holt comply with the restriction, the trial court would have been required to render the same judgment that it did render if the plaintiff had been guilty of either laches or of waiving its right to enforce the restriction.

The method provided by law to enable a party to make the record in a case show the findings of fact and conclusions of law that were made and arrived at by the trial court and used by it as a basis for rendering its judgment is contained in Rule 296, Texas Rules of Civil Procedure. That rule gives to either party the right to request that the court make and file written findings of fact and conclusions of law in the district clerk's office so that they can become a part of the record in the case.

In this case no findings of fact and conclusions of law were prepared and filed by the trial court and neither party requested that he do so. The judgment itself did not contain any findings of fact or conclusions of law.

The plaintiff relies solely upon a letter that is set out in the transcript to support its contention that the trial court did make the finding it complains of in its first point of error. The letter purports to have been written by the trial judge to the lawyers on each side of the case advising them of how he had decided the case and of his reasons for so deciding it. This letter was not even filed in the district clerk's office but for some reason it was inserted, apparently by the clerk, into the transcript.

There is no law in Texas that authorizes the placing of such a letter in the transcript. It is not a legal substitute for and does not constitute the findings of fact and conclusions of law that are provided for in Rule 296. The contents of this letter, under the facts we have outlined, cannot be considered by this court in any way in passing on this appeal. Tongate v. Tex-

as Real Estate Commission, 450 S.W.2d 761 (Fort Worth Civ.App., 1970, no writ hist.); Ramirez v. Milton Provision Co., 231 S.W.2d 547 (San Antonio Civ.App., 1950, no writ hist.); and Rutledge v. Valley Evening Monitor et al., 289 S.W.2d 952 (San Antonio Civ.App., 1956, no writ hist.).

But even if we assume that the trial court did make the finding complained of in plaintiff's first point of error, and even if we assume that the trial court did err in making such finding, we are convinced and hold that such error would not be a reversible one under the facts of this case. And even if we assume that the trial court did err in the respect contended for by plaintiff in its second point of error, that error would also be a harmless one under the facts prevailing here. We will here demonstrate why such errors, if any, would be harmless ones.

■ In non jury cases where the trial court did not make and file findings of fact and conclusions of law and where none were requested by the parties, the settled law is that the appellate court will presume that all fact issues that are involved in the case that have support in the evidence were found by the trial court in such a way as to support the judgment. Construction and General Labor Union v. Stephenson, 148 Tex. 434, 225 S.W.2d 958 (1950); Ramirez v. Milton Provision Co., 231 S.W.2d 547 (San Antonio Civ.App., 1950, no writ hist.); and for many other cases so holding, see Note 26 under Rule 296, Vernon's T.R.C.P.

■ In this case the defendant pleaded as a defense to plaintiff's suit that plaintiff had waived its right to enforce the restrictions involved by permitting in the subdivision, without complaint, a number of other violations of the restrictions that relate to roofing.

We hold that there was sufficient evidence offered during the trial to raise a fact issue on this defense. In applying the

rule just above stated we must therefore presume that the trial court found this issue of waiver in favor of defendant. That finding on that issue would be in support of the judgment appealed from.

So even if the trial court had erred by making the finding plaintiff complains of in its first point of error, and even if the court had erred in the respect plaintiff contends in its second point of error, both of such errors would be harmless ones in view of the fact that we must presume that the trial court found that plaintiff had waived its right to enforce the roofing restrictions. A finding by the trial court in defendant's favor on the issue of waiver, which was an independent defense to plaintiff's suit, would alone furnish a sufficient basis for the rendition by the trial court of the judgment appealed from.

■ Another settled rule of law is that in non jury cases where the trial court did not file findings of fact and conclusions of law and where none were requested, the Court of Civil Appeals must affirm the case on appeal if it can be there upheld on any legal theory that has support in the evidence. Bishop v. Bishop, 359 S.W.2d 869 (Tex.Sup., 1962); Doss v. Blackstock, 466 S.W.2d 59 (Austin Civ.App., 1971, ref., n. r. e.); McNabb v. Taylor Oil Field Rental Company, 428 S.W.2d 714 (San Antonio Civ.App., 1968, ref., n. r. e.); for many other cases so holding see Note 36 under Rule 296, Vernon's T.R.C.P.

When this rule is applied to the case before us we are required to affirm regardless of whether plaintiff is right or wrong about its first and second points of error because the judgment can be upheld on the sole theory that plaintiff had waived its right to enforce the roofing restriction. As stated, there was sufficient evidence in the record to support a finding in defendant's favor on the issue of waiver which defense had been pleaded and relied on during the trial by the defendant, Holt. A finding in defendant's favor on the independent defense of waiver was alone a suf-

ficient ground or basis for rendering the judgment being appealed from.

■ It is noted here that plaintiff has no point of error on this appeal by which it attacks the trial court's presumed finding that the plaintiff had waived the right to enforce the restrictions involved. It has therefore waived any right it ever had to question the propriety of the trial court's action in rendering judgment in favor of the defendant on the grounds that plaintiff had by its conduct waived its right in this case to enforce the restrictions involved. McKelvy v. Barber, 381 S.W.2d 59 (Tex. Sup., 1964).

■ Plaintiff's third point of error is that the trial court erred in disposing of the entire case by judgment before it had an opportunity for a final hearing on the merits regarding the permanent injunction.

The transcript shows that the suit was filed on January 7, 1974. There is a court order in the transcript setting a hearing on the temporary injunction for March 7, 1974.

The judgment made and signed by the trial judge that is here appealed from recites: "On the 7th day of March, 1974, the temporary and permanent injunction hearing in the above . . . cause was set for hearing and both the Plaintiff and the Defendant appeared in person and by their attorneys and announced ready for trial . . . ." The court further decreed in the judgment that the injunctive relief sought by plaintiff, both temporary and permanent, be denied.

The docket sheet contains the following notation: "3/7/74—Cause came on to trial to court. Temp. injunction sought."

The following is from Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377, 110 S.W.2d 561 (1937, opinion adopted by Supreme Court): "Judgments and orders of court of record to be effectual must be entered of record. Neither entries in the judge's docket nor affidavits can be accepted as substitute for such record; and docket entries, affidavits, and other like evidence can neither change nor enlarge judgments or orders as entered in the minutes of the court. (Citing cases.)"

The case of Dobson v. Kyle, 387 S.W.2d 419 (Beaumont Civ.App., 1965, no writ hist.) involved a point very similar to the one being discussed here. It was a child custody case. The judgment rendered and signed by the trial judge awarded the permanent custody of the child to the mother. Appellant there contended that the court erred in rendering and entering a final judgment when the docket entries show that the original setting of the hearing was for temporary custody of the child. That court held that the docket entries that were contrary to the recitations contained in the final judgment could not change or enlarge the final judgment as it was entered in the minutes of the court. The recitals in the judgment to the effect that the case came on for trial on its merits and that both parties through their attorneys announced ready for trial controls over docket sheet recitals to the contrary.

For additional cases holding the same way, see Boothe v. Durrett, 343 S.W.2d 553 (Amarillo Civ.App., 1961, ref., n. r. e.) and Preferred Life Insurance Company v. Caldwell, 311 S.W.2d 518 (Austin Civ. App., 1958, writ dism.).

The recitals in the judgment in this case to the effect that hearings on both the temporary and permanent injunctions were set for the day the trial was had and that the parties appeared in person and by their attorneys and announced ready for trial are controlling on this court. Hearings on such matters are many times held together by agreement in order to save the time of all involved.

Since we are bound by the recitals in the judgment the record before us does not show that the trial court committed a reversible error in the respect contended for in plaintiff's third point of error. We therefore overrule that point.

The judgment is affirmed.