**Jimmy RODGERS, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC WELFARE, Appellee.**

No. 5705.

Court of Civil Appeals of Texas, Waco.

March 10, 1977.

Robert A. Carter, Fort Worth, for appellant.

Dan M. Boulware and John R. MacLean, Cleburne, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by Jimmy Rodgers from judgment raising child support Rodgers was required to pay, from $50. to $113. per month.

Appellee Texas Department of Public Welfare filed this cause against appellant Rodgers alleging it was managing conservator of Carla Rodgers; that said child was being maintained in a foster home; that costs of keep for the child had increased; and that it would be for the best interest of the child to raise the child support appellant father of the child was required to pay from $50. to $125. per month.

Trial before the court resulted in judgment raising child support appellant was required to pay from $50. to $113. per month.

Appellant appeals on 2 points asserting the trial court abused its discretion in ordering the increase of child support because the evidence is legally or factually insufficient to support a finding of changed conditions since entry of the original support order.

On April 12, 1976 the court appointed appellee managing conservator of the minor child involved herein, and ordered the father, appellant, to pay $50. per month child support. On November 10, 1976 the trial court entered the order here appealed from raising such support payment to $113. per month.

The record reflects the cost of keeping the child in a foster home was $93. per month, and that the child needed money to spend for various items for her care and upkeep. The record further reflects the original order of $50. per month child support was based on appellants having a monthly income of $670.85; that at the time of hearing appellant's wife had a net monthly income of $606., and appellant had a net monthly income of $580.24; that the appellant's net monthly family income is $1,186.80 instead of $670.85 as was believed when the court entered the original support order of $50. per month.

Section 14.08(c)(2) provides for modification of a child support order "if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the entry of the order or decree."

The trial court is given a broad discretion in fixing child support payments, and in decreasing and increasing such payments, and the court's order will not be disturbed

on appeal except on a showing of a clear abuse of discretion. *Hewlett v. Hewlett*, CCA (Waco) Er.Dism'd, 486 S.W.2d 107. (Cert. Den. U.S. Sup.Ct., 414 U.S. 877, 94 S.Ct. 48, 38 L.Ed.2d 122).

The evidence is legally and factually sufficient to support a finding of changed conditions, and the trial court has not abused its discretion.

Appellant's points are overruled.

AFFIRMED.