Jessie Mack MOON, Appellant,

v.

Marilyn MOON, Appellee.

No. 5876.

Court of Civil Appeals of Texas, Waco.

Oct. 26, 1978.

Tom O'Connell, Plano, for appellant.

Marilyn Moon Miller, pro se.

## OPINION

McDONALD, Chief Justice.

This is an appeal from an order setting appellant's child support payments at "$27.50 per week per child" for his twin daughters born August 18, 1971.

Appellant and appellee were divorced in November 1975 at which time the trial court appointed appellee managing conservator and set child support for the minor daughters at "$25. per week".

On May 17, 1977 appellee filed motion to modify such original order alleging: 1) The November 1975 decree was in error since the docket sheet reflected appellant "should pay $25. per week per child as child support"; 2) Since entry of the original decree "the cost of food, shelter and medical care has increased because of inflation". Appellee prayed appellant be required to pay $35. per week per child.

After hearing the trial court ordered appellant to pay "$27.50 per week per child" as child support.

The trial court filed Findings of Fact and Conclusions of Law summarized as follows:

1) Appellee's house payment has increased since the original decree.

2) Appellee's electric bill has materially and substantially increased since the original decree.

3) Appellee's gas bill has more than doubled since the original decree.

4) Appellee has lost her job since the original decree and is not presently employed.

5) Appellee's grocery bill has greatly increased since the original decree.

6) The minor children are older than they were at date of original decree and now consume more food.

7) Appellee's medical insurance premiums have increased $13. per month since the original decree.

8) An error was made in the entry of the original decree as to payment of child support.

9) Circumstances of the minor children have materially and substantially changed since the original decree.

10) The cost of food, shelter, medical care for the children has materially increased because of inflation, and child support payments should be increased.

11) Child support should be set at $27.50 per week per child.

Appellant appeals on 11 points mainly contending the evidence is insufficient to support the trial court's Findings 2, 3, 4, 5, 7, 8, 9, 10 and 11.

The record reflects that utilities, groceries, insurance and all other expenses have increased since the original decree was entered; that appellee was employed at the

time of the original decree, but is not employed now; and that appellant is employed and earning money.

Section 14.08(c)(2) of the Texas Family Code provides for modification of a child support order "if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the entry of the order or decree".

■ The trial court is given a broad discretion in fixing child support payments, and in decreasing and increasing such payments, and the court's order will not be disturbed on appeal except on a showing of a clear abuse of discretion. *Rodgers v. Texas Dept. of Public Welfare*, Tex.Civ.App. (Waco) NWH, 548 S.W.2d 798; *Hewlett v. Hewlett*, Tex.Civ.App. (Waco) er. dismd., 486 S.W.2d 107, cert. den., 414 U.S. 877, 94 S.Ct. 48, 38 L.Ed.2d 122. *Brogdon v. Brogdon*, Tex.Civ.App. (Ft. Worth) NRE, 392 S.W.2d 385; *Reynolds v. Reynolds*, Tex.Civ.App. (Dallas) NWH, 452 S.W.2d 950; *Willis v. Willis*, Tex.Civ.App. (Houston) NWH, 425 S.W.2d 696.

■ The evidence is ample to support the findings of the trial court. All appellant's points have been considered and are overruled.

AFFIRMED.