Dean-G v. Freedman 






WITHDRAWN 12-20-90
AFFIRMED
NOVEMBER 29, 1990

NO. 10-89-252-CV
Trial Court
# B-139-88
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          GERARD DEAN,
                                                                                            Appellant
          v.

          NADINE FREEDMAN,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 220th Judicial District Court
Bosque County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          This is a bailment case growing out of the rental of a tractor. Defendant-Appellant Gerard
Dean rented a tractor from Plaintiff-Appellee Nadine Freedman on or about April 2, 1988. Ms.
Freedman filed this suit to recover the tractor she had rented to Mr. Dean, for unpaid rentals, and
compensation for damages to the tractor. 
          Mr. Dean filed a counterclaim for labor and materials used to repair the tractor and
asserted a mechanic's lien on the tractor.
          Trial was before the court without a jury. The trial court entered judgment in favor of
Plaintiff-Appellee Freedman for damages to the tractor in the amount of $1700.00, for rental fees
in the amount of $250.00 and $2277.70 attorneys fees. The $250.00 rental fees abovementioned
were offset to the extent of $225.09 awarded to Defendant-Appellant for parts installed in the
tractor.
          Appellant comes to this court on three points of error as follows:
 (1) The trial court erred as a matter of law because it failed to apply the correct
test to determine how Appellant may have rebutted the presumption of negligence
of a bailee.
 (2) The trial court erred in finding Appellant negligent in that the overwhelming
weight and preponderance of the evidence adduced at trial clearly established that
Appellant rebutted any presumption of negligence, both factually and as a matter
of law.
 (3) The trial court erred in refusing to award Appellant attorneys fees because the
finding of sufficient evidence to establish appellant's claim, together with proof of
presentment and reasonableness of fees, entitled Appellant to reasonable attorneys
fees as a matter of law.
          We have carefully considered all of Appellant's points and contentions, and respectfully
overrule same and affirm the trial court's judgment.
          At the outset, we should point out that after trial and prior to entry of judgment, the trial
court wrote a letter addressed to the attorney for each side setting out in effect his analysis of the
facts, as well as his view on the law as it applied to the various aspects of the case. This letter was
filed in the District Clerk's office and included in the transcript. The Appellant takes the position
that this letter has the legal effect of "Findings of Fact and Conclusions of Law' under the
provisions of Rule 296, Texas Rules of Civil Procedure. We do not agree. Neither side had filed
a request for such findings of fact and conclusions of law. This letter had never been offered in
evidence. Appellant complains of errors in legal reasoning and fact finding that he says appear
in this letter. Appellant cannot use this letter to demonstrate error. Comments by the trial judge,
written or oral, are not considered as substitutes for findings of fact or conclusions of law. Where
findings of fact and conclusions of law are not properly requested and none are filed, as here, the
judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds
support in the evidence. In the Interest of W.E.R., (Tex. 1984) 669 S.W.2d 716; also see Tejas
Trail Property Owners Assn. v. Holt (Fort Worth CA 1974) 516 S.W.2d 441 and the cases cited
at pages 444 and 445, no writ.
          Roberson v. Robinson (Tex. 1989) 768 S.W.2d 280 at page 281 has this to say:
"In a nonjury trial, where no findings of fact or conclusions of law are filed
or requested, it is implied that the trial court made all the necessary findings to
support its judgment. (citations). When a statement of facts is brought forward,
these implied findings may be challenged by factual sufficiency and legal
sufficiency points the same as jury findings or a trial court's findings of fact."
          (Citations).
Bearing in mind the foregoing authorities, we now proceed to deal with Appellant's points of
error.
          In Appellant's first point he complains that the trial court failed to apply the correct test
to determine whether the Appellant rebutted the presumption of negligence by a bailee. Without
findings of fact and conclusions of law, it is implied that Appellant failed under any test to rebut
the presumption of negligence. Appellant's first point of error is overruled.
          This brings us to Appellant's second point of error wherein he asserts the trial court erred
in finding the Appellant negligent because such finding is legally and factually insufficient.
          On April 2, 1988, Appellant Dean entered into an agreement with Appellee Freedman to
rent her tractor to load manure into a manure spreader. They agreed that he would pay her ten
dollars a day rental for the use of the tractor. Shortly after Appellant began using the tractor, it
started "heating up." This was followed by a series of conversations between the parties and
efforts to get the tractor repaired, much of the evidence concerning which was disputed. All of
this culminated on April 25, 1988, when Ms. Freedman's brother, M.L. Meinkowski, pulled the
tractor to Mr. Meinkowski's farm which was about four miles from Appellant's place. A fair
summary of the evidence is as follows:
(1)The injury to the tractor was bent rods in the engine.
(2)After being used at Appellant's farm, the tractor engine never started again.
(3)Of the possible ways to bend the rods in an engine, one likely way is to try
to start a "flooded" tractor by pulling it and engaging the transmission.
(4)Fuel can "flood" a tractor engine when the ignition switch is left on after
the tractor is stopped.
(5)A prudent tractor operator will turn the ignition switch off when the tractor
is stopped.
(6)Although Appellant denied pulling the tractor to start it again after the
tractor engine quit running, the tractor somehow was moved from the field
where it was used to Appellant's barn.
(7)The most contested evidence concerned the pulling or towing of the tractor. 
Appellant denied pulling the tractor "in gear" in an attempt to start it. Mr.
Meinkowsky, Appellee's agent, denied towing the tractor "in gear" when
the tractor was removed from Appellant's farm.
          (8)      Appellant's maintenance of the tractor eliminated the possibility that the bent rods
were caused by anything other than the operator's negligence.
(9)Except to contest the person responsible for the damage, Appellant offered
no other explanation for the physical cause of the damage to the tractor's
engine.
          After reviewing the evidence and taking into account that the trial court was the judge of
the credibility of the witnesses, we are of the opinion and hold that the trial court's finding that
Appellant failed to overcome his presumption of negligence was legally and factually sufficient. 
We therefore respectfully overrule Appellant's second point of error.
          By Appellant's third and final point of error he contends that he was entitled to attorney's
fees as a matter of law. The trial court awarded Appellant $225.09 for parts installed in the tractor
without awarding him attorney's fees.
          Appellant claimed a lien against the tractor under Section 70.001 of the Texas Property
Code. Until this appeal, Appellant's only claim to his attorney's fees was under this section which
allows the trial court in its discretion to award attorney's fees to the "prevailing party." See
Seureau v. Mudd (Houston 14th CA 1974) 515 S.W.2d 746, NRE. In any event, in the absence
of formal findings of fact and conclusions of law, the trial court impliedly made the findings to
support his decision. Roberson v. Robinson (Tex.1989) 768 S.W.2d 280. Appellant's third and
final point of error is overruled.
          Judgment of the trial court is affirmed.
                                                                                 AFFIRMED
 
                                                                                                                              
                                                                                 JOHN A JAMES, JR.
DO NOT PUBLISH                                                     Justice (Retired)

[Participating: Chief Justice Thomas, Justice Means, and Justice James (Retired)]

(WITHDRAWN 12-20-90)