Legg v. Legg 






NO. 10-89-130-CV

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

 
          ANNA LEE LEGG
                                                                                            Appellant
          v.

          JOHNNY W. LEGG AND
          ROTATING EQUIPMENT SPECIALISTS, INC.
                                                                                            Appellees

* * * * * * * * * * * * *

 From 312th Judicial District Court
Harris County, Texas
Trial Court #87-005987

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          We must construe a contractual alimony agreement to decide if there is sufficient evidence
to support findings that a former wife breached the agreement, excusing her ex-husband from
further payment. Because we decide that Appellees produced no evidence of a breach of contract,
we will reverse and render judgment for the balance due on the agreement, attorney's fees and
costs.
          Anna Lee Legg and Johnny W. Legg were divorced in 1982. As part of the settlement,
they agreed that Johnny would pay Anna alimony in three $35,000 annual installments plus $1,400
per month for 121 months. Payment of these sums was guaranteed by Rotating Equipment
Specialists, Inc. (RES). After three annual installments and fifty-four monthly installments,
Johnny stopped paying. When suit was filed after Anna's demands went unheeded, Johnny and
RES defended on the basis that Anna had breached a provision of the alimony agreement, which
provided that Anna would not claim that the payments were not income to her or that they were
not deductible by Johnny. The court entered judgment in favor of Johnny.
          In the year of the divorce, RES redeemed 280 shares of its stock which had been awarded
to Anna in the divorce, paying her $35,000. This transaction was reported on Anna's income tax
return as a capital gain. Although the monthly installments of alimony were reported by Anna as
ordinary income, the three annual $35,000 installments were reported as capital gains on returns
prepared by her tax preparer. 
          The agreement provided in part:
The support obligation undertaken by the Husband in this Article is contractual in nature
and is not an obligation imposed by order or decree of court.
. . .
Wife understands and agrees that the periodic payments being made to her under
Paragraphs 5.03 and 5.04 are conditioned upon her reporting the same on her income tax
returns, and if Wife shall ever administratively or judicially take the position that such
payments are not income to her and are not deductible by Husband, no further periodic
support payments whatsoever shall thereafter become due and payable from Husband to
Wife, and Husband shall have no further obligation for the same.
          Under the agreement Johnny would be relieved from further payments if Anna: (1)
administratively or judicially took the position that such payments were not income to her and (2)
administratively or judicially took the position that such payments were not deductible by Johnny.
          One of the most fundamental principles is that a contract must be construed in accordance
with the terms and language used in the agreement. Sorrels v. Sorrels, 592 S.W.2d 692, 696
(Tex. Civ. App.--Amarillo 1979, writ ref'd n.r.e.). The opinion in Sorrels states:
The terms of the agreement, if they are free of ambiguity and do not conflict with the
policy of the law, will be deemed to establish the rights of the parties. The courts will
enforce the agreement as the parties have made it, without regard to whether the parties
have contracted wisely or foolishly and without regard to whether, in the light of the
subsequent events, a hardship was effected. In the absence of a fraud or mistake, the
courts will not make a new contract for the parties or add to, modify or change in any
particular the agreement that they have made.
Id. Johnny does not contend that the agreement is ambiguous, violates public policy, or was the
result of fraud or mistake. The contractual alimony agreement stands independent of the judgment
of divorce and has whatever legal force the law of contracts provides. See Mackey v. Mackey, 721
S.W.2d 575, 578 (Tex. App.--Corpus Christi 1986, no writ).
          Where findings of fact and conclusions of law are not properly requested and none are
filed, as here, the judgment of the trial court must be affirmed if it can be upheld on any legal
theory that finds support in the evidence. See In the Interest of W.E.R., 669 S.W.2d 716, 717
(Tex. 1984); Tejas Trail Property Owners Association v. Holt, 516 S.W.2d 441, 444-45 (Tex.
Civ. App.--Fort Worth 1974, no writ). In a nonjury trial, where no findings of fact or conclusions
of law are filed or requested, necessary findings by the court in support of its judgment are
implied. Roberson v. Robinson, 768 S.W.2d 280, 281 (Tex. 1989). When a statement of facts is
brought forward, as here, these implied findings may be challenged by factual sufficiency and
legal sufficiency points the same as jury findings or a court's findings of fact. Id.
          Johnny contends that Anna, by reporting the annual installments as capital gains rather than
ordinary income, breached the agreement, thereby relieving him of further liability. He takes the
position that, because payments not included by Anna as income are not deductible by him under
the Internal Revenue Code, the mere filing of a tax return reporting the annual installments as
capital gains was the equivalent of an administrative act by Anna taking a position that those
payments were not deductible by him. We disagree. If this were true there would have been no
reason to include the second requirement in the contract to constitute a breach of the contract. See
Sorrels, 592 S.W.2d at 696. No evidence exists in the record that Anna ever administratively or
judicially took the position that the payments were not deductible by Johnny. See id. Two
requirements for a breach are specified; evidence of both is required.
          Because no evidence exists that Anna breached the agreement, she is entitled to recover
the amount of the unpaid installments, $93,800. She properly presented her claim to Johnny and
is entitled to recover attorney's fees in the amount of $1,290, the amount established by undisputed
testimony at trial. See Tex. Civ. Prac. & Rem. Code Ann. §§ 38.001, 38.002 (Vernon 1986). 
Because RES guaranteed the alimony payments in writing and received proper notice of Johnny's
default, she is also entitled to judgment against it for the unpaid installments and attorney's fees. 
See id.
          We reverse the judgment of the trial court and render judgment that Anna Lee Legg
recover from Johnny W. Legg and Rotating Equipment Specialists, Inc., jointly and severally, the
sum of $95,090, post-judgment interest, and all costs in the trial court and in this court.


                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings
          and Justice Vance
Reversed and Rendered
Opinion delivered and filed April 25, 1991
Do not publish