**O. E. MILLER, Appellant,**

v.

**John L. BURKE, Appellee.**

**No. 4441.**

Court of Civil Appeals of Texas.

Waco.

March 10, 1966.

Painter & Painter, James R. Roos, Houston, for appellant.

Joe W. Steelman, Houston, for appellee.

TIREY, Justice.

This is an appeal by defendant, Miller, from an order of the District Court of Harris County (non jury) overruling his plea of privilege to be sued in Cherokee County, the county of his residence.

The judgment is assailed on two points. They are to the effect that the Court erred:

(1) In overruling appellant's plea of privilege because appellee failed to introduce any evidence concerning location and thereby failed to prove by a preponderance of the evidence that the event complained of occurred in Harris County, Texas.

(2) In overruling appellant's plea of privilege in that the findings necessarily made to uphold this position are so against the overwhelming weight and preponderance of the evidence adduced at the trial as to be clearly erroneous.

We sustain each of the foregoing propositions for reasons hereinafter briefly stated.

Pertinent to this discussion, plaintiff, in his original petition, alleged:

"That on March 6, 1965, at 5000 Eastex Freeway, in Houston, Texas, defendant was guilty of negligence in that he failed to keep a proper lookout, failed to maintain control of his vehicle, failed to follow at a safe distance, and failed to operate his vehicle at a safe rate of speed, and that as a result of such acts, defendant drove into collision with plaintiff

causing bodily injury to plaintiff and property damage to plaintiff's vehicle."

Defendant Miller seasonably filed his plea of privilege in statutory form to be sued in Cherokee County, the county of his residence. Plaintiff controverted the plea and in the controverting plea he denied the allegations in the defendant's plea of privilege that no exception exists as to exclusive venue, and further alleged that the accident occurred in Houston, Harris County, Texas, 5000 Eastex Freeway. He attached a copy of his original petition to his controverting affidavit as Exhibit "A" and made it a part of the same and prayed that the court overrule defendant's plea of privilege.

We have carefully read the statement of facts and we find no evidence whatsoever in the statement of facts stating that the accident occurred in Houston or in Harris County, Texas. As we understand appellee's brief, he is relying on the conversation between him and the court shown in the statement of facts to sustain venue in Harris County.

"The Court: Do you have anything else? Mr. Steelman: The only thing else is, of course, we are alleging that the defendant—the negligence was committed here in Harris County.

The Court: You have got that and I have heard your evidence.

Mr. Steelman: That's all."

■ This court, in Lynch v. Millican, 304 S.W.2d 410, made what we believe to be an accurate statement with reference to burden of proof in this type case. The Court said:

"It is well settled that with the venue challenged, under proper plea, by one sued without his county, the burden not only to allege, but to prove that the case is within one of the exceptions to the statute rests on plaintiff * * * and to defeat the plea of privilege, he must both plead and prove the facts relied on to bring the case within one of the exceptions. The issue made is tried in the ordinary way, and the truth as to the facts in issue is to be ascertained by the introduction and weighing of evidence offered by both sides. In short, a plaintiff seeking to maintain venue in another county must prove by a preponderance of the evidence the facts that bring his cause within one of the exceptions to Article 1995."

Citing Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 93, and many other cases. We think the foregoing statement of the rule is in accord with the doctrine announced in the Compton case, and our Supreme Court has not seen fit to change this rule.

As we have previously stated, there is an absence of testimony in the statement of facts showing that this accident occurred in Harris County, Texas.

■ Going back to the statement made by the court and assuming, without deciding, that the foregoing constituted a finding of fact by the trial court, it is not binding on the court here under the doctrine announced by our Supreme Court in Swanson v. Swanson, 148 Tex. 600, 228 S.W.2d 156, wherein the Supreme Court said:

"There is nothing in the rules which provides that in a case tried before the court without a jury the findings of fact are conclusive on appeal when a statement of facts appears in the record."

Citing many cases. See also Tex.Digest, Appeal and Error, ☞265. That is the exact situation here. So far as we have been able to find the Supreme Court has not changed the foregoing rule.

■ There being no evidence whatsoever in the statement of facts that the accident occurred in Harris County, Texas, plaintiff has wholly failed to carry his burden, and the judgment of the trial court is accordingly reversed and rendered, and the cause is transferred to the District Court of Cher-

okee County. The Clerk of the District Court of Harris County is hereby directed to make a transcript of all the orders made in said cause and certify thereto officially under the seal of the court, and send it with the original papers in the cause to the Clerk of the District Court of Cherokee County. See Rule 89, Texas Rules of Civil Procedure.

All costs herein are taxed against plaintiff.

Reversed and rendered.