Suzanne Mann DUVALL, Appellant,

v.

Cletys SADLER, Jeannette Williams Sadler, Philip M. Sadler and Jacquelyn Sadler, Appellees.

No. 9363.

Court of Appeals of Texas, Texarkana.

May 20, 1986.

---

1. See cases listed in 24 Tex.Dig.2d. *Evidence* 586(1), 586(2) (West 1983).

Thomas H. Hathaway, Mike A. Hatchell, Tyler, Gordon Wynne, Jr., Wynne & Wynne, Wills Point, for appellees.

Before CORNELIUS, C.J., and BLEIL and CHADICK,* JJ.

CHADICK, Justice (Retired).

This suit originated as an action to remove cloud from title, for partition of farm land, and for damages. Prior to the judgment underlying this appeal, title issues had been resolved and severed. The parties to the action are Mrs. Suzanne Mann Duvall, plaintiff and now appellant, and Cletys Sadler, Jeannette Williams Sadler, Philip M. Sadler, and Jacquelyn Sadler, defendants and now appellees. The judgment rendered ordered the land partitioned in kind, appointed commissioners to effect the partition, and awarded appellant Duvall damages and costs. Being dissatisfied with the judgment, Duvall has appealed.

For convenience, the points of error initially noticed will be grouped for discussion as, to a large extent, the issues raised have a common factual background. Point of Error 3 addresses the trial court's finding that Duvall agreed to try the case solely on the basis of stipulations of fact entered into by the parties. Point of Error 9 addresses the trial court's refusal to allow Duvall a jury trial and Point of Error 10 addresses the trial court's finding that Duvall had waived a jury trial.

Timely demand under Tex.R.Civ.P. 216 for and payment of a jury fee by Duvall is unquestioned. Also there is no question but that the trial pleadings of the parties raise fact issues appropriate for jury determination. A citizen's right to a trial by jury is a constitutional prerogative and should not be denied. In *Texas & Pacific Railway Company v. Van Zandt*, 159 Tex. 178, 317 S.W.2d 528 (1958), it is said "[t]he mere denial of that right raises an inference of probable harm." *See also, Harris v. Harris*, 679 S.W.2d 75 (Tex.App.—Dallas

H. Wayne Meachum, Hoecker & Meachum, Dallas, John W. Alexander, Winnsboro, for appellant.

* Honorable T.C. Chadick, Justice, Supreme Court of Texas, Retired, sitting by assignment.

1984, writ dism'd). However, when a jury trial is legally inappropriate to the case or clearly waived trial is conformed to the circumstance. *See* 35 Tex.Jur.2d *Jury* § 34 (1962).

The Sadlers justify the trial court's judgment on the grounds that Duvall failed to file a complete statement of facts, and therefore, it must be presumed that evidence exists to support the findings and judgment rendered upon the findings, and that Duvall waived a jury trial and agreed to submit the case upon stipulations made by the parties.

The statement of facts in the record shows the trial commenced October 22, 1984, and the report of proceedings of that date takes up Pages 2–11 of the eleven page volume. The next volume of the statement of facts covers proceedings on October 23, 1984, and the report occupies Pages 1–17 of the seventeen page volume. Third is a volume that contains an index to exhibits and purports to report on Pages 2–63 proceedings on October 24 and 25, 1984, and ends with the reporter's notation "(Hearing concluded.)." Filed as a part of the statement of facts is a volume labeled "Exhibits" which contains exhibits referred to in the reported proceedings.[1]

Whether the footnoted affidavit be considered or not, it appears from the record filed that this Court has before it a statement of facts certified as containing a true and correct transcription of all proceedings had in the case in the trial court. Tex.R. Civ.P. 376b makes it the duty of the official court reporter to attend all sessions of the court, make a full record of the evidence, etc. There is a presumption that an official duty is properly performed. It appears that the record on file is complete for the purposes of this appeal, and the presumptions that arise from an incomplete statement of facts are not applicable. Therefore, there is no basis for presumption, by reason of an abbreviated statement of facts, that evidence exists to support findings of fact made by the trial judge and to support the judgment rendered on the findings.

The instrument containing the parties' agreed stipulations is in compliance with Tex.R.Civ.P. 11 and was filed in the trial court. This agreement by its terms does not bind the parties to submit the case to the trial judge for determination, nor for trial by judge or jury upon the stipulated facts alone. The stipulations merely eliminated the necessity of proving the facts agreed upon in the written instrument, whether trial is by judge or jury. *See May v. City of McKinney,* 479 S.W.2d 114 (Tex. Civ.App.—Dallas 1972, writ ref'd n.r.e.). An agreement, if one exists, to submit the case upon the stipulations embodied in the written agreement must be found outside its text.

The trial court found both as facts and as conclusions of law that:

[T]he Plaintiff acting through her attorney and through his action and conduct waived a jury and agreed that the Court would hear and determine all factual issues.

[T]he parties entered into a written stipulation of all facts necessary for the Court to decide the controversy.

[T]he stipulation of the parties filed October 24, 1984 was entered into for

---

1. The court clerk notified all parties that no volume of the statement of facts labeled Volume 1 had been received. Duvall's counsel filed an instrument labeled "Appellant's Explanation of Record" which had attached an affidavit of the court reporter, to-wit:

My name is Muriel I. Pearson. I was the Official Court Reporter in Cause 9363, styled "Suzanne Mann Duvall vs. Cletys Sadler, Jeannette Sadler, Philip M. Sadler and Jacquelyn Sadler", now pending before the Court of Appeals for the 6th Supreme Judicial District in Texarkana, Texas.

I generally report criminal cases, and in this case I followed the dictates of Rule 201 of the *Rules of Post Trial and Appellate Procedure in Criminal Cases,* which requires that the Transcript be designated VOLUME I of the record and the Statement of Facts designated VOLUME II and so forth in sequence. Thus there is no VOLUME I of the Statement of Facts in the Duvall case, and the Statement of Facts is complete in VOLUME II through VOLUME V.

presentation to and use of the Court so as to avoid the necessity of a jury.

. . . .

[A]ll parties agreed to the withdrawal of the cause from the jury and agreed that the Court should try the same on the basis of stipulation of facts by the parties.

The statement of facts contains a record of intermittent conversations between Duvall's counsel and the presiding judge regarding issues raised by the pleadings and evidence that counsel expected to offer for jury consideration. The last page of the statement of facts containing the proceedings on October 23 (second day of trial) shows that just before the hearing ended for the day counsel for Duvall made this request:

MR. MEACHUM: Your Honor, I would like to have a recess so that I can confer with co-counsel to see if there is anything to try.

THE COURT: You may.

This indicates that no agreement existed at the time to withdraw the case from trial by jury or to submit it to the court on agreed stipulations.

The next day the noon recess was reached, and as if finishing presentation of evidence on the bill of exceptions that had occupied the morning, counsel for Duvall announced that the evidence produced would be offered as a bill of exception and asked specifically, "Will the court receive our bill?" The court answered, "The bill is received." Then a colloquy between the court and counsel for the parties ensued. The subject was a witness who was not available until the noon recess. After the noon recess, the witness in question was interrogated, and Duvall was recalled for further questioning.

While Duvall was on the witness stand the record shows a running conversation between Duvall's counsel and the judge, and then the following:

THE COURT: I think you will need to go on the bill of exceptions on that.

MR. MEACHUM: So you are going to exclude the certified copies of the documents on the chain of title as evidence in this case?

THE COURT: Anything that is not part of the stipulations that has been entered previously before this Court, yes.

MR. MEACHUM: Your Honor, is the Court's position that the entire case is tried on the stipulations?

THE COURT: Yes, sir.

MR. MEACHUM: Because there is no agreement between the parties, and there is no agreement on the record, that that would be all of the evidence that we would be presenting in this case. We have stipulated to certain facts but we have not agreed to close the case or rest based upon that evidence alone.

The statement of facts shows that at this juncture the court and counsel for all parties engaged in a lengthy discussion, some of which was off the record at the direction of the presiding judge, then the following occurred:

MR. MEACHUM: Your Honor, if I understand the Court's ruling, we will not be allowed a jury issue on anything from this point on, and no evidence will be presented to the jury at this point, is that correct?

THE COURT: That is correct. The Court finds that a jury has been waived.

MR. MEACHUM: Okay. Let us note on the record our exception that we have never waived a jury in this case. As I understand, the Court has ruled that you will accept and rule on the case purely on the stipulations that were signed and entered yesterday?

THE COURT: That is correct.

MR. MEACHUM: Let me reitterate (sic) our position—that we have never agreed under Rule 11 to try the whole case on those stipulations.

■ The foregoing objections and rulings are followed immediately in the statement of facts by a recitation by the trial judge "for the purpose of clarification of the record" which included this:

After conference, the Court was informed by counsel that they intended to

submit the case to the Court on stipulations without the need of a jury, if those stipulations could be agreed to. The jury was released until 1:30 p.m. At that time counsel for both sides informed the Court that more time was needed to work out the stipulations. At that time the jury was recessed until 9:30 a.m. Wednesday morning.

At approximately 9:25 a.m. Wednesday morning counsel for both sides informed the Court that they had agreed to the stipulations; that the stipulations had been signed by all counsel and parties; and that the stipulations at that time were presented to the Court. At that time the jury was released after an explanation to them of the delays that had been incurred in this case.

The Court finds that the agreement, that the stipulations—that the agreement and stipulations that were entered into were entered into in light of the Court's ruling at the hearing and conference Tuesday morning.

This recitation was followed by a pronouncement of findings upon numerous factual issues determining the merit of the action and pronouncement of judgment without the intervention of a jury and based upon the stipulation of facts on file.

When appropriately challenged, a trial judge's Tex.R.Civ.P. 296 findings of fact will not support a judgment unless such findings are supported by evidence in the record. *Lone Star Gas Co. v. Howard Corp.*, 556 S.W.2d 372 (Tex.Civ.App.—Texarkana 1977), *writ ref'd n.r.e. per curiam*, 568 S.W.2d 129 (Tex.1978); *Corporate Personnel Consultants v. Wynn Oil Co.*, 543 S.W.2d 746 (Tex.Civ.App.—Texarkana 1976, no writ); 4 R. McDonald, *Texas Civil Practice in District and County Courts* § 16.05 (rev.1984). To allow a presiding judge to recite in the record facts not theretofore or thereafter introduced into evidence, and then use such recited facts to support his Rule 296 findings, would allow him to hoist himself by his own bootstraps over the requirement that his findings be supported by evidence in the record.

While it may not be said that the next cited cases are precisely in point, they broadly support the view that facts recited by the trial judge in "clarification of the record," but not otherwise shown by the statement of facts, will not support Rule 296 findings and conclusions that he thereafter made. *In the Interest of W.E.R.*, 669 S.W.2d 716 (Tex.1984); *Tejas Trail Property Owners Association v. Holt*, 516 S.W.2d 441 (Tex.Civ.App.—Fort Worth 1974, no writ); *Tongate v. Texas Real Estate Commission*, 450 S.W.2d 761 (Tex.Civ.App.—Fort Worth 1970, no writ); *Rutledge v. Valley Evening Monitor*, 289 S.W.2d 952 (Tex.Civ.App.—San Antonio 1956, no writ); *Kinney v. Shugart*, 234 S.W.2d 451 (Tex.Civ.App.—Eastland 1950, writ ref'd); *Ramirez v. Milton Provision Co.*, 231 S.W.2d 547 (Tex.Civ.App.—San Antonio 1950, no writ). On the question generally, see *Swanson v. Swanson*, 148 Tex. 600, 228 S.W.2d 156 (1950); *Rosetta v. Rosetta*, 525 S.W.2d 255 (Tex.Civ.App.—Tyler 1975, no writ); *Miller v. Burke*, 401 S.W.2d 852 (Tex.Civ.App.—Waco 1966, no writ).

Since the findings of fact included in the trial judge's recital may not be considered, the statement of facts does not contain or report any proceedings, statement or action by which Duvall or her counsel agreed to submit the case upon the stipulations on file. Consequently, there is no evidence to support the court's Rule 296 findings previously quoted respecting trial on stipulations. The findings will be disregarded.

■ Duvall's trial petition alleged the Sadlers were cotenants with her, she owning a one-fourth and they three-fourths undivided interest in the land in question. She alleged and sought damages from them on the grounds of wrongful ouster, for wrongful harvesting of merchantable timber at its manufactured value, but alternatively at its stumpage value, for waste, for the intrinsic value of destroyed noncommercial timber, for attorney's fees and costs.

The stipulations on file do not reflect agreement upon facts pertinent to all potential factual issues arising out of the

various allegations, grounds and pleadings of the parties. Duvall's alternative pleading for damages for the stumpage value of the merchantable timber harvested by her cotenants is a brief but clear example of potential jury issues not resolved by stipulated facts. She alleged such value was $148,000.00. Under her pleadings she was entitled to have a jury determine the amount of timber harvested and its stumpage value. The only stipulation referable to the factual issues in this respect is the agreement that the Sadlers "received $86,-243.03 for the sale of timber off of the said farm land during the years 1976 and 1977."

The court's action in denying a jury trial upon the issues violated Duvall's right to have the issues determined by jury. In a closely parallel case, *Wm. D. Cleveland & Sons v. Smith*, 102 Tex. 490, 119 S.W. 843 (1909), the Supreme Court said:

> There were questions of fact in the case upon which plaintiffs in error were entitled by both the Constitution and the statute to have a jury pass. The trial court, in order to render the judgment, had to find facts which it was the right of the plaintiffs in error to have only a jury find; and such findings cannot support a judgment thus erroneously rendered.

The same conclusion is reached here. *See also*, 35 Tex.Jur.2d *Jury* § 34 (1962).

■ Finally, when all evidence is examined none is found to support an express waiver of a jury or a waiver implied by the acts and conduct of Duvall's counsel. This appears to be a case heard piecemeal over a period of several days, perhaps in the intervals between trial of other cases, the court and parties trying to accommodate each other. The amiable informality of proceedings led court and counsel to infer from each other's statements and demeanor more than was said or meant, until eventually a misunderstanding of substantial proportions became clear. The trial judge ruled in conformity with his understanding, but the evidentiary record does not support his action.

Duvall's Points of Error 3, 9 and 10 are sustained. Discussion of other points becomes immaterial and the opinion will not be extended for that purpose. The judgment of the trial court is reversed and the case is remanded for retrial.

BLEIL, Justice, concurring.

The trial court's judgment should be reversed because there is an uncertainty about whether Suzanne Duvall waived her right to a trial by jury. In both the statement of facts and the judgment, the trial court recites that the parties agreed to stipulate the facts and waive trial by jury. Ordinarily we accept and presume to be true recitals of this nature made by the trial court. *See Texas Textile Mills v. Gregory*, 142 Tex. 308, 177 S.W.2d 938 (1944); *Day v. State*, 489 S.W.2d 368 (Tex. Civ.App.—Austin 1972, writ ref'd n.r.e.). However, the recitals that the parties agreed to waive trial by jury are not binding because other statements in the record directly rebut these recitals. Therefore, I concur with the majority of the court.

ON MOTION FOR REHEARING

CHADICK, Justice (Retired).

The Sadlers' motion for rehearing requires additional discussion. This may be done conveniently by slight revision of the original opinion which, as revised, will be substituted for the original, and with the further comment made responsive directly to the motion for rehearing. The Sadlers assert the original opinion is grounded upon twenty specific errors, and suggest as an alternative to an unfavorable disposition of their motion that "... the matter be remanded to the trial court for the limited purpose of determining the true facts as to the agreement to submit the case to the court on stipulations, without the aid of a jury,...." Their argument supporting the specific grounds proceeds upon three theories:

(1) That the argument upon which the waiver of jury trial is premised was memorialized in Tex.R.Civ.P. 296 findings of fact

and conclusions of law and the judgment on file.

(2) That the presiding judge conducting the trial may be a witness and give probative evidence in the case.

(3) Under the terms of Tex.R.Civ.P. 372(f) the trial judge's recitals of facts in question are unexcepted to qualifications to a bill of exception and must be taken as true.

The second contention will be first examined. As shown by an extract from the record in the original opinion, the presiding judge, in the course of the trial, recited certain facts and circumstances into the record. These facts are not in the record other than as stated in the judge's recital. The Sadlers' contention is that the presiding judge may be a witness in the case, and can and did give probative testimony by the recitals. Bearing upon the issue is Tex.R. Evid. 605, effective September 1, 1983, which provides that the judge presiding at the trial may not testify in that trial as a witness and that no objection need be made in order to preserve the point. And instructive to some extent is *Great Liberty Life Insurance Company v. Flint*, 336 S.W.2d 434 (Tex.Civ.App.—Fort Worth 1960, no writ).

At one stage of the *Great Liberty Life* case, the presiding judge was hearing evidence upon a motion for new trial. When direct testimony was finished, the judge stated: "Let the record show the Court did not talk to anybody on that date about the case." On appeal, the reviewing court refused to consider the presiding judge's statement as testimony in the case. The probable legal basis of the decision might be inferred from the authorities cited by the court, but the authorities are so circumvented by other reasons given for the conclusion reached that the true basis is in doubt. Nevertheless, the case is illustrative of the hesitancy of the courts to allow a presiding judge to inject himself into a case as a witness.

A fair construction of the entire record in the present case is that the presiding judge was merely marshalling facts he recalled and not assuming a role as a fact witness or fact finder at that point. The presiding judge was not called as a witness by either party. The presumption is that a presiding judge would not intentionally become a witness in a case in violation of Tex.R.Evid. 605. There is nothing in the record to indicate the judge was testifying except that in marshalling the facts the judge mentioned factual incidents that are not shown by the record. The solution to the problem of the judge's statement in the original opinion rested upon the simple marshalling construction and the conclusion that the judge's statement did not constitute findings of fact or the basis for findings of fact.

However, if the construction of the record and the foregoing views are not tenable, the same result is reached by consideration of Tex.R.Evid. 605. That rule says a presiding judge at a trial may not testify as a witness. The rule is clear, and there remains only the narrower question of the impact of the rule on the contention that the presiding judge in the case may and did give probative testimony. The federal counterpart of Tex.R.Evid. 605 is Fed. R.Evid. 605, effective January 2, 1975, thus antedating the Texas rule by several years. The Federal rule is identical in wording with the Texas rule. The Notes of the Federal Advisory Committee on Proposed Rules describes Fed.R.Evid. 605 as a broad rule of incompetency. The notes in part say:

> The solution here presented is a broad rule of incompetency, rather than such alternatives as incompetency only as to material matters, leaving the matter to the discretion of the judge, or recognizing no incompetency. The choice is the result of inability to evolve satisfactory answers to questions which arise when the judge abandons the bench for the witness stand. Who rules on objections? Who compels him to answer? Can he rule impartially on the weight and admissibility of his own testimony? Can he be impeached or cross-examined effectively? Can he, in a jury trial, avoid conferring

his seal of approval on one side in the eyes of the jury? Can he, in a bench trial, avoid an involvement destructive of impartiality?

Adopting Fed.R.Evid. 605 word for word implies the Supreme Court of Texas intended that Tex.R.Evid. 605 be, like the federal, a broad rule of incompetency.

■ The Supreme Court of Texas, as rule maker, has determined that, on balance, testimony of the presiding judge in a case will not contribute to a just determination of issues in the case. If a presiding judge does, despite the rule, testify to admissible facts, is the presiding judge's testimony to be considered as probative evidence by a reviewing court?[2] The conclusion is reached that such testimony may not be considered. The basis for this conclusion goes beyond reluctance to legitimize the product of an illegitimate act, or under the circumstances shown, to treat the testimony as "the fruit of the poisoned tree." Disregard of the testimony is justified upon the grounds that it nullifies an involvement in the case by the judge that is destructive of impartiality and enforces the policy underlying the rule.

As a trier of the facts, the presiding judge who testifies must consider and pass upon his volunteered testimony and credibility in determining the facts proved. The rule relieves the judge of such onerous duty. If testifying so impinges upon impartial justice as to be prohibited, logically, the judge's testimony will have the same effect and should be prohibited. The intent of the prohibition is to keep the testimony from the prohibited source out of the record. The conclusion is inescapable that maintenance of impartiality requires a reviewing court to disregard the presiding judge's statement in question.

■ The Sadlers' contention that the presiding judge's statement constituted an unexcepted to qualification of a bill of ex-

ception under the terms of the provisions of Tex.R.Civ.P. 372(e) that "[w]here the ruling or other action of the court appears otherwise of record, no bill shall be necessary to reserve an exception thereto, ...." It will be assumed that the statement constituted a qualification to a bill of exception. The qualification consists of the testimony of the presiding judge heretofore discussed. The conclusion has been reached that such testimony will not be considered for any purpose. Discussion of other aspects of this question seems unnecessary.

In discussion of the Sadler's first contention, Tex.R.Civ.P. 11 must be briefly analyzed. The language of the rule is:

No agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

Two classes of agreements are specified. No contention is made that a written agreement to withdraw the case from the jury's consideration was made, signed and entered. The second class of agreement has two requirements, and to be applicable the agreement must be (1) shown to have been made in open court and (2) entered of record.

■ The findings of fact that are said to be memorialized are quoted in the original opinion, and the statement in the judgment claimed as a memorial of the agreement is:

[T]he cause having been withdrawn from the jury puruant (sic) to the agreement of all parties, and a jury having been waived, and the parties having entered into a written stipulation of facts, all matters of fact and things in controversy were submitted to the Court.

Neither the judgment nor findings state the agreement or waiver was made in open court. The remainder of the record shows that they were not so made. No agree-

---

**2.** This appears to be a question not heretofore considered by either the state or federal courts. No case considering this question, state or federal, has been cited by the parties or found by court research. There is literature and com-

ment in law review and other publications of a general nature referenced in connection with both the state and federal rules in Fed.R.Evid. 605 and *Texas Rules of Evidence Handbook,* 20 Hous.L.Rev. 1 (1983).

ment having been made in open court, no agreement could properly be entered or memorialized of record. Reference to an agreement contained in the judgment or findings of fact is another instance of boot-strapping as mentioned in the original opinion, and has no foundation in an open court agreement.

The City of Houston, as defendant in a case on trial in a district court, moved for summary judgment on three grounds. The order disposing of the motion recited that in open court each of the parties withdrew certain pleadings, and the city confined its motion to a single designated ground. Judgment was entered. The case reached the Supreme Court as *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979). The City of Houston contended that the recitations in the judgment satisfied the requirement of Tex.R.Civ.P. 11. The Supreme Court agreed, saying:

> We agree *that the parties in open court* should be able to narrow the issues presented to the trial court provided the agreement is reduced to writing, signed, and filed with papers or "entered of record." If a party represents to the court that he waives a ground or objection that he has previously asserted in a written motion or response and agrees that a certain issue is the only issue before the court, rule 11 is satisfied if the oral waiver or agreement *made in open court* is described in the *judgment* or an *order* of the court. (Emphasis added.)

In the present case, the statement of facts or other court record does not show, nor does the judgment or findings of fact recite an open court waiver of jury trial or open court agreement for the trial judge to determine factual issues made. On the contrary, the statement of facts and other records of the court are completely silent as to such an agreement. The Sadlers' contention in this respect is overruled.

Duvall has filed a motion for rehearing confined to the request that this Court pass upon questions not reached in the original opinion. The opinion will not be extended to do so as these, as well as other issues raised by the Sadlers, are not of sufficient merit to justify additional comment.

The motions for rehearing of both parties are respectfully overruled.