

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00373-CR

JOE MANUEL DIAZ                                                         APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

### FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

----------

## OPINION

----------

## I. INTRODUCTION

A jury found Appellant Joe Manuel Diaz guilty of Class A misdemeanor driving while intoxicated[1] (DWI) and assessed his punishment at 365 days' confinement and a $4,000 fine. The trial court sentenced him accordingly. In a

---

[1]*See* Tex. Penal Code Ann. § 49.09(a) (West Supp. 2012) (providing that a second DWI offense constitutes a Class A misdemeanor).

single point, Diaz argues that he received ineffective assistance of counsel.  We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Diaz was arrested for DWI after Northlake Police Officer Chris Loftis observed him speeding and driving erratically.  When Officer Loftis approached Diaz's vehicle, he detected a strong odor of alcohol coming from Diaz.  Officer Loftis radioed for a backup officer because Diaz was acting aggressively and in a threatening manner.  Diaz refused to perform field sobriety tests and also refused to voluntarily provide a breath or blood sample.  Based on Diaz's driving and behavior, Officer Loftis obtained a search warrant for Diaz's blood and took him to the hospital for the blood draw.

Diaz's defense counsel filed a motion to suppress arguing that there was no probable cause to support the arrest or the search warrant for Diaz's blood. The same trial judge who signed the search warrant for Diaz's blood also presided over the hearing on the motion to suppress and at trial.  After a pretrial hearing, the trial court denied the motion to suppress.  At trial, defense counsel continued to object to the probable cause for the arrest and search warrant.

## III. EFFECTIVE ASSISTANCE OF COUNSEL

In Diaz's sole point, he argues that he received ineffective assistance of counsel because defense counsel did not pursue a motion to recuse the trial judge or otherwise complain or object that the same judge who had signed the blood warrant also presided over the suppression hearing and the trial.

2

To establish ineffective assistance of counsel, the appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "[a]ny allegation of ineffectiveness must

3

be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In other words, an appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

The mere fact that the same judge signed a defendant's search or arrest warrant and then presided in subsequent criminal proceedings does not establish bias. *Kemp v. State*, 846 S.W.2d 289, 306 (Tex. Crim. App. 1992), *cert. denied*, 508 U.S. 918 (1993). Judges are often called on to reconsider matters they have previously ruled on. *See id*. Generally, a judge is not required to be recused based solely on his prior rulings, remarks, or actions. *Gaal v. State*, 332 S.W.3d 448, 454 (Tex. Crim. App. 2011). A judge's bias or partiality may be grounds for a recusal motion only if the conduct shows a "'deep-seated favoritism or

4

antagonism that would make fair judgment impossible.'" *Id*. (quoting *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1150 (1994)).

Counsel is not required to file futile motions. *Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991); *Hollis v. State*, 219 S.W.3d 446, 456 (Tex. App.—Austin 2007, no pet.). Nor is counsel's failure to file a pretrial motion categorically deemed ineffective assistance of counsel. *Madden v. State*, 911 S.W.2d 236, 241 (Tex. App.—Waco 1995, pet. ref'd) (holding that counsel was not ineffective for not filing a motion to recuse the judge who presided at trial when the judge had also prosecuted a prior case that was used to enhance the current case). A record that is silent as to defense counsel's trial strategy and provides no explanation of counsel's actions generally will not overcome the strong presumption of reasonable assistance. *See Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003); *Edwards v. State*, 280 S.W.3d 441, 445 (Tex. App.—Fort Worth 2009, pet. ref'd). Defense counsel's performance should not be found deficient unless the conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001), *cert. denied*, 537 U.S. 1195 (2003).

Here, Diaz concedes that "the mere fact that a judge authorized arrest and search warrants involved in a case is not a barrier to that judge presiding over the trial of that case on its merits." But Diaz argues that because his entire case rested on the validity of the search warrant, "[a] reasonable person would necessarily question the judge's impartiality" because a judge would not

5

invalidate a warrant he had authorized. Diaz further argues that defense counsel's failure to pursue a motion to recuse the trial judge cannot be a strategic decision because there was "no hope of success" and "no conceivable scenario in which having the trial judge conduct the hearing would benefit Diaz."

The fact that the validity of the search warrant was Diaz's sole defense has no bearing on whether the trial judge was subject to recusal for bias. As conceded by Diaz, Texas case law makes clear that the fact that the same judge who signed a search warrant also presided over the subsequent proceedings, including a motion to suppress, is not enough to show that the judge acted with the "deep-seated favoritism or antagonism" that would give Diaz's defense counsel cause to pursue a recusal motion. *Gaal*, 332 S.W.3d at 454; *see Kemp*, 846 S.W.2d at 306. The trial judge in this case made no comments, remarks, or other indications during the hearing on the motion to suppress or at trial that would cause Diaz's defense counsel to think the judge was biased or prejudiced against Diaz's case and subject to recusal.

Based on the record before us and the strong presumption of reasonable assistance, as well as the absence of any explanation regarding defense counsel's strategy, we cannot say that Diaz has met his burden of showing by a preponderance of the evidence that his counsel's failure to file a motion to recuse the trial court judge or failure to object that the same judge who had signed the blood warrant presided over the suppression hearing and the trial fell below the

6

standard of prevailing professional norms.[2]  *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065.  Because Diaz has not satisfied the first prong of *Strickland*, we overrule his sole point.  *See id.*

## IV. CONCLUSION

Having overruled Diaz's sole point, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DAUPHINOT, J. filed a concurring opinion.

PUBLISH

DELIVERED:  August 30, 2012

---

[2]Contrary to the concurring opinion's position, the issue before us is not "the trial judge's position as a witness and the necessary ramifications of the trial judge's position" but whether Diaz met his burden to obtain appellate relief on his claim of ineffective assistance of counsel based on counsel's failure to file a motion for recuse or to object to the trial judge hearing his motion to suppress or presiding at his trial.

7



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00373-CR

JOE MANUEL DIAZ                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

----------

## CONCURRING OPINION

----------

The trial judge who signed the warrant heard the motion to suppress the fruits of the warrant. In effect, the trial judge heard the appeal from his own action in determining the sufficiency and validity of the affidavit in support of the warrant. Although not called to testify, the trial judge was also a witness to the

accuracy of the date and time the warrant was signed and to the identity and authority of the magistrate who signed the warrant.[1]

Rule 605 of the Texas Rules of Evidence provides that a presiding judge at a trial may not testify as a witness.[2] In his concurrence to *Harris v. State*, Presiding Judge Onion discussed what was then new rule 605 in the context of the trial judge's unsworn and uncross-examined statements regarding whether the jury had separated during deliberations, and he considered the treatment of rule 605 by our sister court in Texarkana in *Duvall v. Sadler*.[3] The *Duvall* court had explained,

> The rule is clear, and there remains only the narrower question of the impact of the rule on the contention that the presiding judge in the case may and did give probative testimony. The federal counterpart of Tex. R. Evid. 605 is Fed. R. Evid. 605, effective January 2, 1975, thus antedating the Texas rule by several years. The Federal rule is identical in wording with the Texas rule. The Notes of the Federal Advisory Committee on Proposed Rules describes Fed. R. Evid. 605 as a broad rule of incompetency. The notes in part say:

---

[1]*See Haynes v. State*, 468 S.W.2d 375, 378 (Tex. Crim. App. 1971) (discussing former magistrate's practice of signing blank pads of arrest warrants), *cert. denied*, 405 U.S. 956 (1972); *City of Dallas v. Moreau*, 697 S.W.2d 472, 473–74 (Tex. App.—Dallas 1985, no writ) (discussing the firing of a Dallas municipal court bailiff for refusing to stamp blank warrants with the municipal judge's signature).

[2]Tex. R. Evid. 605.

[3]738 S.W.2d 207, 227–30 (Tex. Crim. App. 1986) (Onion, P.J., concurring) (op. on reh'g), *cert. denied*, 484 U.S. 872 (1987). (also discussing *Duvall v. Sadler*, 711 S.W.2d 369, 375 (Tex. App.—Texarkana 1986, no writ) (op. on reh'g).

The solution here presented is a broad rule of incompetency, rather than such alternatives as incompetency only as to material matters, leaving the matter to the discretion of the judge, or recognizing no incompetency. The choice is the result of inability to evolve satisfactory answers to questions which arise when the judge abandons the bench for the witness stand. Who rules on objections? Who compels him to answer? Can he rule impartially on the weight and admissibility of his own testimony? Can he be impeached or cross-examined effectively? Can he, in a jury trial, avoid conferring his seal of approval on one side in the eyes of the jury? Can he, in a bench trial, avoid an involvement destructive of impartiality?

Adopting Fed. R. Evid. 605 word for word implies the Supreme Court of Texas intended that Tex. R. Evid. 605 be, like the federal, a broad rule of incompetency.

The Supreme Court of Texas, as rule maker, has determined that, on balance, testimony of the presiding judge in a case will not contribute to a just determination of issues in the case. If a presiding judge does, despite the rule, testify to admissible facts, is the presiding judge's testimony to be considered as probative evidence by a reviewing court? The conclusion is reached that such testimony may not be considered. The basis for this conclusion goes beyond reluctance to legitimize the product of an illegitimate act, or under the circumstances shown, to treat the testimony as "the fruit of the poisoned tree." Disregard of the testimony is justified upon the grounds that it nullifies an involvement in the case by the judge that is destructive of impartiality and enforces the policy underlying the rule.

As a trier of the facts, the presiding judge who testifies must consider and pass upon his volunteered testimony and credibility in determining the facts proved. The rule relieves the judge of such onerous duty. If testifying so impinges upon impartial justice as to be prohibited, logically, the judge's testimony will have the same effect and should be prohibited. The intent of the prohibition is to keep the testimony from the prohibited source out of the record. The conclusion is inescapable that maintenance of impartiality requires a

3

reviewing court to disregard the presiding judge's statement in question.[4]

In the case now before this court, the issue is not that of traditional bias on the part of the trial judge but, rather, as in *Duvall*, the trial judge's position as a witness and the necessary ramifications of the trial judge's position. Because the majority does not adequately address this significant issue, I must respectfully concur.

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED: August 30, 2012

---

[4]*Duvall*, 711 S.W.2d at 375–76 (footnote omitted).

4